# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 17 CR 173-5 |
| RICKY BROOKS, | Hon. John Robert Blakey |
| Defendant. | |

## RENEWED MOTION FOR RELIEF FROM PREJUDICIAL JOINDER

Ricky Brooks, through his undersigned counsel, respectfully requests that the Court enter an order severing his trial from his remaining co-defendant in this case pursuant to Federal Rule of Criminal Procedure 14(a). Pursuant to the discussion on the record on December 3, 2019, AUSA Jordan Matthews has indicated that the government opposes this motion and will respond pursuant to the previously set briefing schedule.

Under Rule 14(a), "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). While courts have recognized a preference for jointly trying defendants who are indicted together, the U.S. Supreme Court has cautioned that "a district court should grant severance under Rule 14 . . . . if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury

from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539. In particular, "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." *Id.*

In this case, Mr. Brooks was charged along with eight co-defendants in a 29-count indictment on May 31, 2018. *See* [146]. Of the 29 counts, however, Mr. Brooks is only charged in the general conspiracy alleged in Count 1 to distribute and possess with intent to distribute controlled substances in violation of 18 U.S.C. § 846 and knowing and intentional use of a communication facility (a cellular phone) in the commission of Count 1 in violation of 18 U.S.C. § 843(b) in Count 18. He is not charged in any of the other 27 counts, which allege distribution of heroin and cocaine (Counts 2-7, 10, 14-17, 19-21, 23-29) and use of a communication facility in the commission of a felony (Counts 8-9, 12-13, 22). All co-defendants, with the exception of Tyrone Hunter, have now pled guilty to various counts in this matter.

Severance is appropriate in this case. First, Mr. Brooks' constitutional right to a speedy trial will be severely hampered without severance. Mr. Brooks has been detained without bond since he his arrest on July 20, 2017. *See* [172]. If the trial is rescheduled to begin on June 1, 2020, he will have been incarcerated for nearly three years without trial. This lengthy pretrial detention weighs heavily in favor of severance. *Cf., e.g.*, *United States v. Ayala Lopez*, 319 F. Supp. 2d 236, 238 (D.P.R. May 17, 2004) ("When this case reaches trial, Defendants will have been confined

2

for approximately two years, alarmingly in excess of the deadlines set by the Speedy Trial Act."). There is little doubt that severance will ensure a speedier resolution of the case, which is in the public interest. *See id.* at 239 ("In fact, severance might indeed bring about this goal as it will allow for the swift disposition of the Government's case against the non-capital Defendants.").

The delays in scheduling this trial cannot be attributed to Mr. Brooks, as he and his counsel were prepared to begin trial on July 29, 2019, and are again prepared to begin trial on January 13, 2020. Mr. Brooks has opposed each continued trial date because he wishes to resolve this case as soon as possible. Further delaying Mr. Brooks' trial to June 1, 2020 to allow Mr. Hunter to fully litigate his pretrial motions creates undue hardship on Mr. Brooks, who is ready to proceed. This is particularly true given that the delay is due entirely to Mr. Hunter's decision in July 2019 to request new counsel literally on the day trial was to begin.

Second, "[t]he risk of prejudice is heightened when a defendant is distinctly less culpable than his codefendants." *United States v. Jett*, 908 F.3d 252, 275 (7th Cir. 2018); *see also Zafiro*, 506 U.S. at 539. Here, Mr. Brooks is charged only in two counts of a 29-count indictment. Unlike his co-defendant, Mr. Hunter, there are no charges or allegations in the indictment that Defendant ever actually possessed or distributed any narcotics. *See* Counts 11, 17 and 20. The substantial allegations against the co-defendant consequently demonstrate that, even if the Government can prove that Mr. Brooks was a member of the alleged conspiracy, he is markedly less culpable than his co-defendants. Trying Mr. Brooks jointly with his co-

3

defendant presents a substantial risk of guilt simply by association. *See Zafiro*, 506 U.S. at 539 ("For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty."). This is particularly true here because several of the charges against Mr. Hunter involve large amounts of narcotics. *See United States v. Blankenship*, 382 F.3d 1110, 1123 (11th Cir. 2004) ("[S]everance is mandated where compelling evidence that is not admissible against one or more of the co-defendants is to be introduced against another co-defendant. This is a concern, for example, 'where the . . . gruesome evidence against one defendant overwhelms the de minimus evidence against the co-defendant(s)'".)

For all of these reasons, the Court should sever Mr. Brooks' trial from his co-defendant. Severance will ameliorate the substantial prejudice inherent in a joint trial, as well as serve the interest of the Mr. Brooks and the public in a speedy resolution of this case.

                                                    Respectfully submitted,

                                                    s/ Holly N. Blaine
                                                    Attorney for Ricky Brooks

                                                    Holly N. Blaine
                                                    BLAINE & VANZANT, LLP
                                                    922 Davis Street
                                                    Evanston, Illinois 60201
                                                    Tel.: (312) 788-7584
                                                    Email: hnb@blainevanzant.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of the foregoing document was filed and served on all counsel of record via the Court's CM/ECF system.

s/ Holly N. Blaine